IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REBECCA LYNNE COLBERT, ) | Case No. 4:21-cv-02034-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| HIGHLAND INDUSTRIES, INC., ) | |
| JOYSON KSS AUTO SAFETY S.A., ) | |
| JOYSON SAFETY SYSTEMS f/k/a KEY ) | |
| SAFETY SYSTEMS, HONDA MOTOR ) | |
| CO., LTD., HONDA R & D CO., LTD., ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| AND HONDA DEVELOPMENT & ) | |
| MANUFACTURING OF AMERICA, LLC ) | |
| f/k/a HONDA OF AMERICA MFG., INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a tort claim case that arises out of the deployment of an airbag during an automobile collision. Defendant American Honda Motor Co., Inc. ("Defendant" or "AHM") filed a Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3), Fed. R. Civ. P., or in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404. (DE 6.) The parties have briefed the motion; and therefore, the motion is ripe for review and decision. After reviewing the motion and memoranda submitted, the Court finds that venue is improper in South Carolina and transfers this case to the Southern District of Texas.

## BACKGROUND

On June 5, 2018, Plaintiff Rebecca Lynne Colbert ("Plaintiff" or "Colbert"), a resident of Texas, was involved in an automobile accident while driving her 1998 Honda Civic near Rockport, Texas. (DE 6, p. 1.) Plaintiff alleges that the airbag module, specifically the inflator within the module, ruptured during the accident causing her injuries. (DE 12, p. 2.) As a result, Plaintiff

1

filed a Complaint alleging negligence, gross negligence, reckless conduct, and breach of warranty against Highland Industries Inc. ("Highland"), Joyson KSS Auto Safety S.A. ("KSS"), Joyson Safety Systems f/k/a Key Safety Systems ("JSS"), AHM, Honda R & D Co., Ltd., ("Honda R & D"), and Honda Development & Manufacturing of America, LLC f/k/a Honda of America MFG., Inc. ("Honda MFG") (collectively "Defendants"). Plaintiff further alleges the inflator contained a chemical propellant known as non-azide. (DE 6, p. 2.)

The inflator and its non-azide propellant were manufactured by Takata. (DE 6, p. 1, DE 12, p. 2.) Takata was acquired by JSS, which Plaintiff alleges assumed liability for inflators such as the non-azide inflator. Although Plaintiff had originally alleged that Highland's principal place of business was in Cheraw, South Carolina, where the inflator was also manufactured, Plaintiff now concedes that the inflator and its propellants were manufactured in either LaGrange, Georgia, or Moses Lake, Washington. (DE 6, pp. 2, 4, DE 12, p. 5.) Furthermore, it is undisputed that none of the Defendants are organized under the laws of or have their principal place of business in South Carolina.

## LEGAL STANDARD

Rule 12(b)(3) allows a Court to Dismiss a case for improper venue. See Fed. R. Civ. P. 12(b)(3). "When a defendant challenges venue under Rule 12(b)(3) in the Fourth Circuit, the plaintiff bears the burden of establishing that venue is proper." Symbology Innovations, LLC v. Lego Sys., Inc., 158 F. Supp. 3d 916, 925 (E.D. Va. 2017).[1] "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). "When evaluating the propriety of venue under Rule 12(b)(3), a district court may examine facts outside the complaint

---

[1] Also found on Westlaw at Symbology Innovations, LLC v. Lego Sys., Inc., 282 F. Supp. 3d 916, 925 (E.D. Va. 2017).

2

to determine whether its venue is proper." Symbology Innovations, LLC, 158 F. Supp. 3d at 924. Federal law governs the venue of all civil actions brought in the district courts of the United States which provides:

> A civil action may be brought in-
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Furthermore, as a cure to a venue defect, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When deciding whether to transfer or dismiss, 'district courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants.'" Symbology Innovations, LLC, 158 F. Supp. 3d at 935. "However, before the Court can transfer the case to another district, the Court must first determine that venue proves otherwise proper in the transferee court, which determination entails an analysis of personal jurisdiction." Colony Ins. Co. v. Progressive Cas. Ins. Co., 531 F. Supp. 3d 1102, 1107 (E.D. Va. 2021).

## **DISCUSSION**

AHM contends venue is improper in South Carolina because 1) the Defendants do not reside in South Carolina, and 2) a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in the District of South Carolina. (DE 6, pp. 6-7.) Plaintiff concedes this fact, as she must; and therefore, the Court finds venue is improper in the District of

South Carolina.  However, the venue analysis does not end here as the proper venue rests in another district, namely the Southern District of Texas.  A district court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "[D]istrict courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants."  <u>Symbology Innovations, LLC</u>, 158 F. Supp. 3d 916 at 935.  A "[t]ransfer would facilitate a more expeditious resolution of the merits of the controversy in a concededly proper forum and would avoid the costs and delay that would result from dismissal and refiling[.]"  <u>Cont'l Cas. Co. v. Argentine Republic</u>, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012); citing, <u>Verosol B. V. v. Hunter Douglas, Inc.</u>, 806 F.Supp. 582, 594 (E.D. Va. 1992).

    Plaintiff could have filed her case in the Southern District of Texas because the district has subject matter jurisdiction over the claim, personal jurisdiction over the Defendants, and AHM concedes that the district has specific personal jurisdiction over it.  Moreover, venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in Rockport, Texas.  Further, since there is no evidence of bad faith or harassment, transfer of venue is proper here as it avoids the unnecessary costs and delay that would result from dismissal and refiling in another district.

    While Plaintiff concedes venue is not proper in South Carolina she equally asserts that venue is improper in the Southern District of Texas because "the statute of repose in Texas would likely result in dismissal of this action in its entirety." (DE 12, p. 5.)  To that end, Plaintiff argues that Defendants have the burden of establishing that an adequate alternative forum exists to transfer the case and that she would have no remedy in the Southern District of Texas, citing <u>Galustian v. Peter</u>, 591 F.3d 724, 731 (4th Cir. 2010).  (DE 12, p. 5.)  Nevertheless, <u>Galustian</u> is not controlling

4

here because the test for transfer is whether the case could have been brought in the forum not whether it is an inconvenient forum. See id., (Stating "[w]hen moving to dismiss an action on forum non conveniens grounds, the defendant has the burden of proof to show the existence of an alternate, adequate, and available forum."); but see, 28 U.S.C. § 1406(a) ("if it be in the interest of justice, transfer such case to any district or division in which it *could* have been brought." ) (emphasis added). Moreover, as to Plaintiff's suggestion that this case should be transferred to the Eastern District of Washington, Plaintiff has not provided sufficient evidence that personal jurisdiction can be met in the Eastern District of Washington; and therefore, the Court declines to consider that venue.[2] Accordingly, this Case should be transferred to the Southern District of Texas rather than dismissed or transferred to the Eastern District of Washington.

## **CONCLUSION**

For the foregoing reasons, the Court finds that venue is improper in South Carolina, and this case is hereby transferred to the Southern District of Texas. Given this ruling, the Court declines to rule on all other outstanding motions.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

March 1, 2021
Greenville, South Carolina

---

[2] Plaintiff also suggests that the interest of justice dictates that the case be transferred to the Eastern District of Washington because it may be the only remaining forum in which this case may continue. (DE 12, p. 7.) While this claim may be true (notwithstanding Plaintiff's personal jurisdiction impediment), this Court declines to accept Plaintiff's definition here, and therefore, rejects the same. See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010) ("The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system.")